IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON KRUMBACK,<br><br>                    Petitioner,<br><br>    vs.<br><br>NICK LAMB, of South Dakota Dept. of Corr;<br><br>                    Respondent. | **8:25CV663**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Jason Krumback's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition will be dismissed.

## I. BACKGROUND

### A. South Dakota Habeas Cases

#### 1. *Krumback v. Fluke et al*, 4:23-cv-04155-KES (D.S.D.)

Based on the records of the United States District Court for the District of South Dakota,[1] Krumback was charged in *State of South Dakota v. Jason Arthour Krumback*, 49 CRI22-003305 (S.D. 2nd Cir. Minnehaha Cnty) (hereafter "CR3305") with one count of tampering with a witness, a class 4 felony (SDCL § 22-11-19(2)), and 22 counts of violating a no contact order, a class 1 misdemeanor (SDCL §§ 25-10-13 and 25-10-1). *Krumback v. Fluke et al*, 4:23-cv-04155-KES (D.S.D.), Filing 39 at p. 2. He pleaded guilty to witness tampering, and the remaining charges of violating his no contact order were

---

[1] The Court takes judicial notice of the South Dakota federal court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records).

dismissed. Krumback was sentenced to 20 years imprisonment, 10 years suspended. *Id*. He filed his habeas action in the South Dakota federal court on October 4, 2023. *Id*., Filing 1. His amended petitions, filed on October 23, 2023, and November 3, 2023, (*id*., Filings 6 and 18), clarified he was challenging the conviction and sentence in CR3305.

On May 24, 2024, Krumback's petition was dismissed without prejudice because his habeas claims were unexhausted. The court's opinion advised Krumback that he had until November 13, 2024, to file a state habeas petition. Filing 77 at 9. No certificate of appealability was issued. *Id*., Filings 77 and 78. Krumback responded to this order of dismissal by filing a motion to change venue to this forum. That motion was immediately denied. *Id*., Filings 79 and 81. He appealed, requesting a certificate of appealability. The United States Court of Appeals for the Eighth Circuit denied the application for a certificate of appealability and issued its mandate on November 27, 2024. *Id*., Filings 89 and 91. Krumback's petition for writ of certiorari was denied on April 2, 2025. *Id*., Filing 93.

**2. *Krumback v. Wasko et al*, 4:25-cv-04143-KES (D.S.D.)**

On July 30, 2025, Krumback filed a second habeas case in the South Dakota federal court, again challenging the judgment entered in CR3305. *Krumback v. Wasko et al*, 4:25-cv-04143-KES (D.S.D.), Filing 1. Magistrate Judge Veronica Duffy promptly filed a Report and Recommendation, concluding Krumback's claims remained unexhausted, he was now procedurally defaulted from pursuing federal habeas relief, and his claim of actual innocence did not excuse the procedural default. She recommended that the petition be dismissed with prejudice. Filing 6. The second South Dakota habeas case remains pending.

**B. Nebraska Habeas Case**

Krumback filed his habeas petition in this forum on November 17, 2025. He is currently incarcerated in the South Dakota State Penitentiary and Nick Lamb, Secretary of the South Dakota Department of Corrections, is the named respondent. The habeas petition challenges his conviction and sentence in CR3305. Filing 1. Petitioner further moves for appointment of counsel (Filing 2), an evidentiary hearing (Filing 3), and a preliminary injunction (Filing 9).

## II. DISCUSSION

The proper respondent in a habeas action is the person with "*immediate* custody of the party detained, with the power to produce the body of such party before the court or judge. . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)) (emphasis in original). Habeas petitions challenging physical confinement must be filed in the federal district where the petitioner is confined. *Id.* at 443. Since Krumback is confined in South Dakota, his habeas petition can be litigated only in the United States District Court for the District of South Dakota.

Habeas actions filed in the wrong forum can be transferred to the appropriate federal court if transfer will serve the interests of justice. 28 U.S.C.A. § 1631. *See e.g., Garcia v. London*, No. 8:25CV624, 2025 WL 3540922, at *1 (D. Neb. Dec. 10, 2025). But except for its pagination and updating the respondent's name, the Nebraska petition is identical to the petition pending in *Krumback v. Wasko et al*, 4:25-cv-04143-KES (D.S.D.). Krumback's habeas action in Nebraska is wholly duplicative of the lawsuit he filed over three months earlier in South Dakota. So, transferring this case to South Dakota would serve no purpose, much less the interests of justice.

3

IT IS THEREFORE ORDERED that:

1.      The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice.

2.      The motions for appointment of counsel, (Filing 2), an evidentiary hearing, (Filing 3), and a preliminary injunction, (Filing 9), are denied as moot.

3.      No certificate of appealability has been or will be issued.

4.      A judgment will be entered by separate document.

Dated this 26th day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

4